JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. CHASTAIN, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br>   v.<br><br>UNION SECURITY LIFE INSURANCE COMPANY, AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA,<br>              Defendants. | CASE NO. CV 06-5885 ABC (FFMx)<br><br>[CLASS ACTION]<br><br>**FINAL APPROVAL ORDER AND JUDGMENT**<br><br>**Hearing**<br>Date:  March 23, 2009<br>Time:  10:00 a.m.<br>Court:  Western Div., Roybal Federal<br>            Bldg., Courtroom 680 |

1

Following a hearing on December 15, 2008 and a continued hearing on January 5, 2009, this Court entered its *Amended Order of Preliminary Approval of Class Action Settlement and Related Orders* (Doc. No. 233), ("Preliminary Approval Order"), preliminarily approving the *Settlement and Release Agreement* entered into by and on behalf of the parties in the above-captioned action ("Settlement"), and scheduling a hearing to determine whether the said settlement was fair, reasonable, adequate, in the best interests of the class, and free from collusion, ("Final Approval Hearing"), and to consider a petition by Class Counsel for an award of attorneys' fees and litigation expenses and for an incentive award to be paid to the class representative.

The Court has considered: (i) the points and authorities submitted in support of the motion for final approval of the Settlement, ("Final Approval Motion"); (ii) the points and authorities submitted in support of the present motion for an award of attorneys' fees and litigation expenses, and approval of an incentive award for the class representative, ("Fee Motion"); (iii) the declarations and exhibits submitted in support of said motions; (iv) Defendants' joinder in seeking final approval of the Settlement and entry of judgment herein, on the terms set forth herein; (v) Defendants' non-opposition to Class Counsel's petition for an award of attorneys' fees and litigation expenses, and to the request for approval of the incentive award to be paid to the class representative; (vi) the Settlement itself; (vii) the entire record in this proceeding, including but not limited to the points and authorities, declarations, and exhibits submitted in support of preliminary approval of the Settlement, (Doc. Nos. 221-226); (viii) the absence of any objections by the class members to the Settlement; (ix) the absence of any requests for exclusion from the class; (x) the representations and arguments of Class Counsel and Counsel for Defendants at the Final Approval Hearing; (xi) this Court's experiences and observations while presiding over this matter; and (xii) the relevant law, and based upon the findings of fact and law below and implicit in this Order.

Therefore, good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, as follows:

1.      Except where specifically defined herein, the capitalized terms used in this Final Approval Order and Judgment, ("Final Approval Order") shall have the meanings and/or definitions given to them in the Settlement.

2.      Plaintiff, Defendants, and all members of the Settlement Class who have not timely and properly requested exclusion from said class in accordance with the provisions of Settlement, (hereafter, the "Settlement Class"), have submitted to the jurisdiction of the Court for purposes of the Settlement.  The Court has personal jurisdiction over Plaintiff, Defendants, and the Settlement Class.  The Court has subject matter jurisdiction to release all claims and causes of action as set forth in the Settlement and to dismiss the above entitled action, ("Action"), with prejudice, in its entirety.  The Court has subject matter jurisdiction to approve the Settlement.

3.      The Court finds that the Settlement was not the product of collusion or any other indicia of unfairness, is fair, reasonable, and adequate to the Settlement Class in light of the complexity, expense, and likely duration of the litigation, and the risks involved in establishing liability, damages, and in maintaining the Action as a class action through trial and appeal.  The Court finds that the Settlement represents a fair and complete resolution of all claims asserted in a representative capacity on behalf of the Settlement Class and should fully and finally resolve all such claims.  In support of these findings, the Court further specifically finds that:

A.      There is no evidence of collusion.  The Settlement, as set forth in the Agreement, resulted from extensive arms-length negotiation.  The action was extensively and vigorously litigated prior to discussion of any possible

settlement, and settling parties engaged in intensive arms-length negotiation prior to reaching the Settlement;

B.     The Settlement makes substantial funds available for payment of direct cash relief to the Settlement Class.  Settlement payments are not "claims made", meaning that each Settlement Class member who can be located will automatically be mailed his or her settlement payment without any requirement to take any affirmative action to claim said settlement payment.  No portion of this class relief will be consumed by attorneys' fees, litigation expenses, notice expenses, settlement administration expenses, or the class representative incentive award, since such amounts are all separately provided for by the Settlement;

C.     Before reaching the Settlement, the Settling Parties fully and vigorously litigated their claims and defenses in extensive law and motion proceedings, including but not limited to litigation of a petition to compel arbitration (and full briefing of an interlocutory appeal to the Ninth Circuit with regard to denial of said petition), numerous discovery motions, a hard fought class certification motion, a petition to the Ninth Circuit for review of class certification pursuant to *Federal Rules of Civil Procedure*, Rule 23(f), and a motion for judgment on the pleadings.  Full adversarial litigation and preparation for the January 2009 trial set in this action continued up to the eve of reaching the proposed settlement.  At the time of mediation and settlement (August 14, 2008), the action had advanced to the stage of the deadline for expert disclosures (July 22, 2008), the discovery cut-off (August 11, 2008), and the eve of the law and

motion cut-off (September 1, 2008).[1]  Based upon this full litigation in law and motion of relevant legal issues affecting this litigation, the Settling Parties were fully informed of the legal bases for the claims and defenses herein, and capable of balancing the risks of continued litigation and the benefits of the Settlement;

D.      Before reaching the Settlement, the Settling Parties also conducted extensive discovery.  *Inter alia*, three different Rule 30(b)(6) designees were produced by Defendants for depositions in nine examination categories, (approximately five full days of examination).  Plaintiff propounded five sets of documents requests (cumulatively 82 requests); six sets of interrogatories (cumulatively 24 interrogatories); and a set of requests for admissions. Voluminous documentary evidence, approximately 2,500 pages, has been produced by defendants and the various defense deponents in the action. Properly authenticated and verified claims data was produced for every single individual class member. Based upon this extensive completed discovery, the Settling Parties were fully informed of the evidentiary bases for their respective claims and defenses herein, and capable of balancing the risks of continued litigation and the benefits of the Settlement.

E.      The certified class is and was at all times adequately represented by Plaintiff and Class Counsel.  Class Counsel have fully and competently prosecuted all causes of action, claims, theories of liability, and remedies reasonably available to the Settlement Class.  Further, both Class Counsel and Defendants' Counsel are highly experienced trial lawyers with specialized

---

[1] Pursuant to the stipulation of the parties, in order to permit the parties to mediate, the Court continued these pretrial deadlines. *See, Doc. No. 211*.  The dates prior to continuance, however, are reflective of the stage to which the litigation had advanced prior to the Settlement.

knowledge in the insurance and consumer rights issues implicated by this litigation and complex class action litigation, generally.  Class Counsel and Defendants' Counsel are capable of properly assessing the risks, expenses, and duration of continued litigation, including at trial and on appeal.  Class Counsel and Defendants' Counsel agree that the proposed settlement represents a fair and reasonable resolution to this matter in light of the various risks and costs to the respective parties of continued litigation.

F.      As further addressed below, through the mailing of the Settlement Notice in the form and manner ordered by this Court, the Settlement Class has received the best practicable notice of the pendency of this class action, of the Settlement, and of their rights and options as Settlement Class members. Said notice fully satisfied all notice requirements under the law, including all due process rights under the U.S. Constitution, and;

G.      The response of the Settlement Class to this Action, and to the Settlement, including Class Counsel's application for an award of attorneys' fees, litigation expenses, and the class representative's incentive award, after full, fair, and effective notice thereof, strongly favors final approval of the Settlement.  In response to the 1,111 Settlement Notices mailed to the Settlement Class, as of March 5, 2009, (nine days after the deadline for requesting exclusion or objecting to the Settlement), no requests for exclusion and no objections have been received by the Settlement Administrator or the Settling Parties.

4.      On May 6, 2008, in its *Order re: Plaintiff's Motion for Class Certification*, dated May 6, 2008, Document No. 207, the Court granted Plaintiff's motion for class

certification in the *Chastain* Action, certifying a class with respect to Plaintiff's claims for breach of contract and declaratory relief, defined as:

> "All persons to whom Union Security Life Insurance Company issued credit insurance certificate form H-D-Z while they were California residents, whose total disability benefits reached "Insured Indebtedness" on or after September 15, 2002, but for whom USLIC did not pay or paid late interest accruing on Insured Indebtedness."

The Court additionally certified a subclass with respect to Plaintiff's fraud claims, defined as:

> "All persons to whom Union Security Life Insurance Company issued credit insurance certificate form H-D-Z while they were California residents, whose total disability benefits reached "Insured Indebtedness" on or after September 15, 2003, but for whom USLIC did not pay or paid late interest accruing on Insured Indebtedness."

Excluded from this certified class and subclass were officers or directors of USLIC and ABLAC, members of their immediate families, and their legal representatives, heirs, successors, or assigns.

The Settlement provides benefits for each member of the class and subclass certified by the Court's order, *supra*, through the date of said certification order, May 6, 2008.  The Court hereby reaffirms the finding in said certification order, as implicit in the Preliminary Approval Order (Doc. No. 233), that the Action satisfies the prerequisites of *Federal Rules of Civil Procedure*, Rule 23(b)(3), and may be pursued as a class action on behalf of the previously-certified class.

The Settlement Class is therefore defined as set forth in the Settlement, *to wit*:

> "All persons to whom Union Security Life Insurance Company issued credit insurance certificate form H-D-Z while they were California residents, whose total disability benefits reached "Insured Indebtedness" on or after September 15, 2002 and on or before May 6, 2008, but for whom USLIC did not pay or paid late interest accruing on "Insured Indebtedness".  Excluded from the Settlement Class are officers or

directors of USLIC and ABLAC, members of their immediate families, and their legal representatives, heirs, successors, or assigns."

5.    The Court finds that through the mailing of the Settlement Notice, notice of the Settlement has been provided to the Settlement Class in the form and manner required by the Settlement and the Preliminary Approval Order.  The Settlement Notice provided fair and effective notice to the Settlement Class of the pendency of this class action, the Settlement and the terms thereof, including but not limited to those terms related to the class recovery, the claims and parties released, the provisions for attorneys' fees, litigation expenses, and a class representative incentive, Class Counsel's intention to petition for an award of such fees, expenses, and incentive in the amounts provided by the Settlement, the time and place of the Final Approval/ Fairness Hearing, and Settlement Class members' rights to request exclusion from the Settlement Class, to object to the Settlement, and to appear at said hearing.

Said notice procedure: (i) constitutes reasonable and best practicable notice; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the terms of the Settlement, their rights, and that they will be subject to the Court's jurisdiction for settlement purposes; (iii) constitutes due, adequate, and sufficient notice to all persons entitled to receive such notice; and (iv) meets the requirements of the United States Constitution, the *Federal Rules of Civil Procedure*, and all other applicable laws and rules of court.

6.    Each and every term and condition of the Settlement, and the Settlement as a whole, should be and are approved.  The Settlement is hereby made a part of this Final Approval Order by reference.  A true and correct copy of the Settlement appears in the Court's record as **Exhibit 1** to the *Declaration of Don A. Ernst in Support of Final Settlement Approval*.

7.      The Court orders that the Released Parties are hereby forever released from and discharged of all further liability to Plaintiffs and the Settlement Class, and each of them, as to all Released Claims, as set forth in the Settlement.  The "Release and Waiver" set forth in the Settlement is reprinted here and expressly approved by the Court.  If there is any mistake in transcription, the provisions of the "Release and Waiver" in the Settlement shall control.

[Start reprinted text of Release and Waiver]

## ARTICLE VII

## RELEASE AND WAIVER

7.01   **General Release.**  Upon execution of this Agreement by Defendants and Plaintiff and issuance of the Final Approval Order by the Court, and in consideration of the benefits and other consideration set forth above, each and every member of the Settlement Class shall automatically and without further action or notice be deemed to have irrevocably and unconditionally released, waived, and forever discharged the Released Parties from any and all liability with respect to the Released Claims, unless such Class member timely and properly requested exclusion from the Class in accordance with the procedures established in Agreement.

7.02   **Released Claims.**  Subject only to those limitations specifically stated in this Article VII, Released Claims is defined as:

(a)      Any and all past, present or future claims, lawsuits, insurance department complaints, attorney general complaints, actions, causes of action, demands, rights, damages, costs, interest, attorneys' fees, loss of service, expenses and compensation whatsoever, whether known or unknown, that the Settlement Class now has, had or may hereinafter claim to have, in law or equity, whether based on statute, tort, contract, or other theory or recovery, as of the date of this Agreement, that were or could have been asserted in the Action, related to the non-payment or delay in payment of Accrued Interest under USLIC's credit disability insurance policy form H-D-Z and/or billing insureds on claim thereunder for premiums for credit life, loss of income, and/or family leave insurance, including, without limitation, claims for breach of contract, claims for declaratory judgment, claims for

fraud and misrepresentation, claims for punitive damages, and claims for violation of any state or federal laws.

(b)     The Settlement Class expressly waives and assumes the risk of any and all claims for damages which exist as of this date, but of which the Settlement Class does not know or suspect to exist, whether through ignorance, oversight, error, negligence or otherwise, and which, if known, would materially affect a Settlement Class member's decision to enter into this Agreement.  This Agreement includes all Released Claims, of every nature and kind whatsoever, which the Settlement Class may have against the Released Parties, known or unknown, suspected or unsuspected, past or present, which either may have against the other despite the fact that California Civil Code section 1542 may provide otherwise.  The Settlement Class expressly waives any right or benefit available in any capacity under the provisions of Section 1542, which provides as follows:

> A general release does not extend to the claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with debtor.

7.03   **Released Parties.**  Subject only to those limitations specifically stated in this Article VII, Released Parties is defined as:  Union Security Life Insurance Company, American Bankers Life Assurance Company of Florida, and their present, former and future parent, sister, subsidiary and affiliated companies, their past, present and future officers, directors, employees, servants, attorneys, legal and beneficial shareholders, partners, privies, representatives, assigns and agents.

7.04   **Limitations on Scope of the Release.**

(a)     Notwithstanding anything in this Article VII , Released Parties, as defined herein, does not include, and no claims of any nature, are released as against:

(1)     Settlement Class members' creditors, including for the insured credit accounts giving rise to the Insurance Claims;

(2)     The group policyholders on credit disability insurance policies pursuant to which the subject credit disability insurance certificates were issued to the Settlement Class members, including for the insured credit accounts giving rise to the Insurance Claims;

10

(3)     Any debt collector subject to the Fair Debt Collection Practices Act (15 U.S.C. §1692, *et seq.*) and/or California's Rosenthal Fair Debt Collection Practices Act (*California Civil Code* §1788, *et seq.*), including with respect to the insured credit accounts giving rise to the Insurance Claims;

(4)     The present, former and future parent, sister, subsidiary and affiliated companies, thereof;

(5)     The past, present and future officers, directors, employees, servants, attorneys, legal and beneficial shareholders, partners, privies, representatives, assigns and agents, thereof.

(b)     Notwithstanding anything in this Article VII , the Released Claims, as defined herein, are subject to the following limitations:

(1)     Nothing shall preclude any action or proceeding to enforce the terms of this Agreement;

(2)     The Released Claims are expressly limited to claims arising from or related to policies or certificates of credit insurance issued by USLIC.  No claims are released against any party, including USLIC and ABLAC, arising from or relating to credit insurance coverage issued by ABLAC or any Released Party other than USLIC.  Without limiting the foregoing, ABLAC is not released from any claims relating to policies issued by ABLAC;

(3)     The Released Claims do not include claims related to or arising from credit disability insurance benefits claims where total benefits paid reached "Insured Indebtedness" after May 6, 2008, including claims related to non-payment or delayed payment of "accrued interest" benefits, and/or improper billing of premiums for related credit insurance coverage during the period of said credit disability claim;

(4)     The Released Claims do not include claims related to or arising from credit insurance coverage for family leave, loss of income, or life, except those claims asserted in the Action relating to allegations of improper billing of premiums for such coverage because the claimant was already receiving credit disability insurance benefits;

(5)     The Released Claims do not include claims related to a credit disability insurance claim prior to the time that the total amount of benefits paid thereunder reached the amount of Insured Indebtedness, except those claims related

to billing of premiums for credit insurance coverage for family leave, loss of income, or life because the claimant was already receiving credit disability insurance benefits.

Without limiting the foregoing, claims based upon allegations of improper denial of credit disability insurance benefits based on a finding that the claimant had not suffered a qualifying disability, improper or excessive requirements for proof of continuing disability; and/or delay in payment or failure to pay monthly benefits prior to reaching Insured Indebtedness, are not released;

(6)    Settlement Class members who continued to be insured after May 6, 2008 shall have all rights as specified by the express terms of their insurance certificates and policies.

[End re-printed text of Release and Waiver]

8.    The Court hereby permanently enjoins Plaintiff and each and every Settlement Class member from bringing, joining, continuing, or voluntarily participating in any claims against Defendants for which a release is being given under the Settlement.

9.    The Court orders that Class Counsel shall be entitled to an award of reasonable attorneys' fees and litigation expenses incurred in connection with the Action and in reaching this Settlement.  The Court finds that an award of reasonable attorneys' fees and litigation expenses, as provided for herein, is appropriate based on the contractual agreement to pay such fees and expenses set forth in the Settlement, the private attorney general doctrine and *Code of Civil Procedure* §1021.5, the Court's equitable powers under California law, and, to the extent the extent that attorneys' fees were necessarily incurred in order to enforce payment of benefits due under a policy of insurance or to obtain policy benefits, as *Brandt* Fees, (*Brandt v. Superrior Court* 37 Cal. 3d 813, 817 (1985)).

10.    The Court finds to be reasonable, and awards to Class Counsel, attorneys' fees, to be paid as provided in the Settlement, in the total amount of seven hundred and forty thousand dollars and no cents, ($740,000.00).  The Court further finds to be

reasonable, and awards to Class Counsel, litigation expenses, to be paid as provided in the Settlement, in the total amount of fifty thousand dollars and no cents, ($50,000.00).  The Court further orders that in accordance with paragraph 4.03 of the Settlement, in addition to the foregoing award of $50,000 for litigation expenses, Defendants shall pay all settlement notice and administration expenses.  These awards of attorneys' fees and litigation expenses shall be the sole reimbursement to which Class Counsel is entitled from any Defendant herein or any party released by the Settlement.  Defendants do not join in Class Counsel's application for an award of attorneys' fees and litigation expenses, nor join in requesting the related findings herein, but do not oppose an award of attorneys' fees and litigation expenses up to these amounts.

11.     In support of the foregoing award of attorneys' fees, the Court finds that the following hourly billing rates applied for by Class Counsel are reasonable in light of the complexity of this litigation, Class Counsels' reputation, experience, and competence, and the prevailing billing rates for comparably complex work by comparably qualified counsel in this forum:

      A.     For Don A. Ernst, $675 per hour;

      B.     For Robert S. Gianelli, $675 per hour;

      C.     For Raymond E. Mattison, $675 per hour;

      D.     For Chris D. Edgington, a "blended" rate of $480 per hour;

      E.     For Jully C. Pae, $410 per hour.

The reasonableness of these billing rates is supported by the declarations of these attorneys, by the declaration of Gary Greenfield, by prior attorneys' fee awards in this and other judicial districts, and by published industry billing rates. The "blended" rate approved for Mr. Edgington, which was requested by Class Counsel in an exercise of billing discretion, is in recognition that some of the time expended by this attorney was in the performance of work which might have been assigned to a more junior

associate attorney, in a larger firm.  The Court finds that the blended rate approved here is supported as reasonable on the bases stated in Mr. Greenfield's and Mr. Edgington's supporting declarations.

12.     In support of the foregoing award of attorneys' fees, the Court also finds that the time declared to have been expended by Class Counsel, as set forth in the motion for an award of attorneys' fees and supporting declarations, is reasonable in amount in view of the complexity and subject matter of this litigation, and the skill and diligence with which it has been prosecuted and defended, and the quality of the result obtained for the Settlement Class.

13.     In support of the foregoing award of attorneys' fees, the Court further finds that novel and difficult legal and factual questions have been presented by this litigation, and that counsel on both sides have demonstrated great skill in presenting their cases; that this litigation has consumed substantial attorney resources and precluded Class Counsel from other employment opportunities during the nearly four years that the action has been pending; that Class Counsel have represented Plaintiff and the Settlement Class on a purely contingent basis; and that the Settlement represents a fair and reasonable resolution of this action, providing a substantial monetary recovery for the Settlement Class both from an individual Settlement Class member's perspective as well as from a class-wide perspective.  These findings further support the Court's approval of the billing rates *supra*, or alternatively, would support application of a substantial fee multiplier under California law.

14.     Based on all of the foregoing findings, Class Counsel's "lodestar" fee amount, representing attorneys' fees reasonably incurred at reasonable billing rates for work of this nature in this legal market, is $1,086,188.50.  Notwithstanding, based on the agreement of the Settling Parties as set forth in the Settlement, whereby Class

Counsel have specifically agreed to limit their compensation to $740,000.00, the maximum amount that Defendants have agreed not to oppose under the Settlement, the Court limits the award of attorneys' fees to that requested amount, $740,000.00.

15.   In support of the foregoing award of litigation expenses, the Court finds that Class Counsel have incurred out-of-pocket litigation expenses in the amount of $53,392.56, that said expenses were of a nature typically billed to fee-paying clients, and that said expenses were reasonable and necessary to the prosecution of this action in light of the extent of proceedings both on and off the Court's docket, the complexity of the legal and factual issues in the case, the amount at stake in this litigation, and the vigorous efforts of counsel for all parties herein.  Notwithstanding, based on the agreement of the Settling Parties as set forth in the Settlement, whereby Class Counsel have specifically agreed to limit their recovery of such litigation expenses to $50,000.00, the maximum amount that Defendants have agreed not to oppose under the Settlement, the Court limits the award of litigation expenses to that requested amount, $50,000.00.

16.   In addition to the foregoing award of attorneys' fees and litigation expenses, and not offsetting or reducing said award in any way, the Court orders that the class representatives, Plaintiff, Donald R. Chastain, shall be entitled to an incentive award, to be paid as provided in the Settlement, to compensate for the burdens of his active involvement in this litigation, in the amount provided for by the Settlement, *to wit*: ten thousand dollars and no cents, ($10,000.00).  The Court finds that Mr. Chastain, although facing severe physical disabilities, has actively participated and assisted Class Counsel in this litigation for the substantial benefit of the Settlement Class, and that apart from this incentive amount, will receive no settlement payments or benefits of any nature other than his *pro rata* share of the settlement payments available to the Settlement Class, generally.

17.     The Revised Second Amended Complaint and this Action, and all claims asserted therein, are dismissed in their entirety, with prejudice, against Plaintiff and each and every member of the Settlement Class, and in favor of each of the named Defendants.

18.     The Settling Parties are hereby ordered to consummate the administration of the Settlement, including the issuance of all settlement payments and all other terms and conditions of the Settlement, in accordance therewith and with the terms of this Final Approval Order.

19.     The Court hereby enters Final Judgment in this action upon the terms and conditions set forth in this Final Approval Order and in the Settlement.

20.     Without affecting the finality of the judgment or Settlement, for the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the administration of the Settlement, to ensure the effectuation thereof in accordance therewith and with this Final Approval Order. Without limiting the foregoing, the Court will retain continuing jurisdiction over all aspects of this case including but not limited to **any** modification, interpretation, administration, implementation, effectuation, and enforcement of the Settlement, the administration of the Settlement and payment of settlement payments provided for by the Settlement,  the adequacy of representation by Class Counsel, the amount of attorneys' fees and litigation expenses to be awarded Class Counsel, the amount of any incentive compensation to be paid to the class representative, any claim by any party relating to the representation of the Settlement Class by Class Counsel , and all

//

//

16

other issues related to this Settlement, including any collateral challenges made regarding any matter related to this litigation or this Settlement or the conduct of any party or counsel relating to this litigation or this Settlement.

**IT IS SO ORDERED.**

March 23, 2009                    _____

                                  Honorable Audrey B. Collins
                                  United States District Court Judge

Proposed Final Approval Order prepared and submitted by:

Robert S. Gianelli, #82116
Jully C. Pae, #233565
Richard R. Fruto, #200748
GIANELLI & MORRIS, A Law Corporation
626 Wilshire Blvd., Suite 800
Los Angeles, CA  90017
Tel:  213.489.1600; Fax:  213.489.1611
Email:  rob.gianelli@gmlawyers.com
        jully.pae@gmlawyers.com
        richard.fruto@gmlawyers.com

Don A. Ernst, #065726
Christopher D. Edgington, #169682
ERNST AND MATTISON, A Law Corporation
1020 Palm Street
San Luis Obispo, CA 93401
Tel:  805.541.0300; Fax:  805.541.5168
Email:  dae@emlaw.us; ce@emlaw.us

Attorneys for Plaintiff, DONALD R. CHASTAIN, and the Certified Class